## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN JONES, </br></br> Plaintiff, </br></br> v. </br></br> LANDMARK INFRASTRUCTURE PARTNERS LP, ARTHUR P. BREAZY, JR., KEITH BENSON, THOMAS CAREY WHITE, III, GERALD A. TYWONIUK, STEVEN SONNENSTEIN, and SADIQ MALIK, </br></br> Defendants. | Case No._____ </br></br></br> **COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** </br></br> JURY TRIAL DEMANDED |

Plaintiff John Jones ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

### NATURE OF THE ACTION

1. Plaintiff brings this action against Landmark Infrastructure Partners LP ("Landmark" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9. By the action, Plaintiff seeks to enjoin the vote on a proposed transaction pursuant to which Landmark Dividend LLC ("LD") will acquire the Company through its affiliates LM Infra Acquisition Company, LLC ("LM Infra"), LM DV Infrastructure, LLC ("LM DV Infra"), Digital LD MergerCo LLC ("Merger Sub"), Digital LD MergerCo II LLC ("Merger Sub II," and together with LM DV Infra, LM Infra and Merger Sub, the "Buyer Parties") (the "Proposed Transaction").[1]

---

[1] Non-party LD is a Delaware limited liability company and the sponsor of the Partnership and the sole member of the GP. LD is a real estate and infrastructure acquisition and development company

2. On August 23, 2021, Landmark announced its entry into an Agreement and Plan of Merger dated the same day (the "Merger Agreement"). That agreement provides Landmark stockholders will receive $16.50 in cash for each share of Company common stock they own (the "Merger Consideration").[2]

3. On October 26, 2021, Landmark filed a Definitive Proxy Statement on Schedule 14A (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Landmark stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections

---

focusing on the digital infrastructure, wireless communications, outdoor advertising and renewable power generation industries. Non-party LM Infra is a Delaware limited liability company, the sole member of Merger Sub, and an affiliate of LD. Non-party LM DV Infra is a Delaware limited liability company and is a wholly owned subsidiary of LM Infra. Non-party Merger Sub is a Delaware limited liability company and a wholly owned subsidiary of LM Infra. Non-party Merger Sub II is a Delaware limited liability company and is a wholly owned subsidiary of Merger Sub.

[2] The approximate value of the Proposed Transaction is $1.0 billion

14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. The Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations in this District, or is an individual who has sufficient minimum contacts with this District so as to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, a stockholder of Landmark.

10. Defendant Landmark is a Delaware corporation with its principal executive offices located at 400 Continental Boulevard, Suite 500, El Segundo, California 90245. The Partnership owns and manages a portfolio of real property interests and infrastructure assets. Landmark is managed by the directors and executive officers of the GP. Landmark's common units trade on the Nasdaq Global Market under the ticker symbol "LMRK."

11. Defendant Arthur P. Brazy, Jr. ("Brazy") has been Chief Executive Officer ("CEO") and a director of the GP at all relevant times. Defendant Brazy has also served as CEO of LD since October 2015 and as President from February 2010 through October 2015.

12. Defendant Keith Benson ("Benson") is and has been a director of the GP since November 2018.

13. Defendant Thomas Carey White, III ("White") is and has been a director of the GP at all relevant times.

14. Defendant Gerald A. Tywoniuk ("Tywoniuk") is and has been a director of the GP since January 2015.

15. Defendant Steven Sonnenstein ("Sonnenstein") has been Chairman of the GP since June 2, 2021.

16. Defendant Sadiq Malik ("Malik") is and has been a director of the GP since June 2, 2021.

17. Defendants identified in paragraphs 11-16 are referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### The Proposed Transaction

18. On August 23, 2021, Landmark announced in relevant part:

EL SEGUNDO, Calif., Aug. 23, 2021 -- Landmark Infrastructure Partners LP ("Landmark," or the "Partnership") (NASDAQ: LMRK) today announced that, following lengthy negotiations between the Conflicts Committee of the Board of Directors of Landmark Infrastructure Partners GP LLC (the "General Partner" or "GP") (the "Conflicts Committee") and the Partnership's sponsor, Landmark Dividend LLC ("LD"), the Partnership and LD have entered into a definitive agreement under which the Partnership will be acquired by LD.

Under the terms of the agreement, Landmark public unitholders will receive $16.50 in cash for each common unit owned, representing a premium of 38% to the Partnership's unaffected unit price on May 14, 2021, the last business day prior to the announcement of LD's proposed acquisition of Landmark for $13.00 per common unit. The agreement between Landmark and LD reflects one of the highest premiums ever paid in a transaction where a GP purchases its MLP.

LD owns, among other things, 100% of the membership interests in the General Partner and 13.2% of the common units representing limited partner interests in the Partnership. After consultation with its independent legal and financial advisors, and consistent with the recommendation of the Conflicts Committee that is composed entirely of independent directors of the GP, the agreement was reviewed and unanimously approved by the full Board of Directors of the GP. Both the Conflicts Committee and the full Board of Directors of the GP determined the transaction with LD to be in the best interests of the Partnership.

LD is only considering the acquisition of Landmark or, if the proposed transaction is not consummated as expected, LD will continue operating Landmark in its role as the GP. LD is not considering third party offers for Landmark or its assets. LD's acquisition of Landmark is fully financed and fully diligenced, and takes into account the value inherent in LD's GP ownership interest and incentive distribution rights ("IDRs"). LD is interested in acquiring all of Landmark's assets, as evidenced by its

agreement to purchase the entire Partnership rather than select assets. This transaction offers certainty as well as compelling and immediate value for unitholders, particularly given that Landmark's cash flow will be adversely impacted by the expiration of the cap on Landmark's agreement to reimburse LD for a portion of its expenses for general and administrative services on November 19, 2021. In addition, the GP intends to exercise its contractual right to be reimbursed for costs and expenses it incurs for services provided to Landmark.

The transaction is expected to close in 2021, subject to customary closing conditions and approval by the holders of a majority of Landmark's outstanding common units.

TAP Securities LLC and RBC Capital Markets are acting as financial advisors and Simpson Thacher & Bartlett LLP and Latham & Watkins, LLP are acting as legal advisors to LD. Truist Securities Inc. is acting as left lead arranger and joint bookrunner, and Citizens Bank N.A., RBC Capital Markets and TD Securities (USA) LLC are acting as joint lead arrangers and joint bookrunners for the debt financing. Evercore is acting as exclusive financial advisor and Gibson, Dunn & Crutcher LLP is acting as legal advisor to the Conflicts Committee.

**The Proxy Statement Contains Material Misstatements or Omissions**

19. The defendants filed a materially incomplete and misleading Proxy Statement with the SEC and disseminated it to Landmark's stockholders. The Proxy Statement misrepresents or omits material information necessary for the Company's stockholders to make an informed voting or appraisal decision on the Proposed Transaction.

20. Specifically, as set forth below, the Proxy Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning the Company's financial projections and the valuation analyses underlying the fairness opinion provided by the Conflicts Committee of the Board's ("Conflicts Committee") financial advisor, Evercore Group L.L.C. ("Evercore").

*Material Omissions Concerning the Company's Projections and the Financial Analyses Relied on by the Board*

21. The Proxy Statement omits material information regarding the Company's financial projections, including any quantification of the changes to the July 1, 2001 preliminary financial forecasts proposed by Evercore on or around July 28, 2001. *See* Proxy Statement at 18. The Proxy Statement also fails to disclose those projections.

22. The Proxy Statement omits material information regarding the data and inputs underlying the valuation analyses performed by Evercore.

23. The Proxy Statement describes Evercore's fairness opinion and the various underlying valuation analyses. That description, however, omits key inputs and assumptions forming the bases of these analyses. The absence of this material information precludes the Company's public stockholders from fully understanding the Evercore's work. As a result, Landmark stockholders cannot assess what significance to place on Evercore's fairness opinion in determining whether to approve the Proposed Transaction or otherwise act.

24. With respect to Evercore's *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose: (a) the unlevered free cash flows to be received by the Partnership used in the analysis; (b) the terminal metric used to derive the terminal values for the Partnership, and quantification thereof; (c) the terminal values for Landmark; and (d) the inputs and assumptions underlying the range of discount rates utilized in connection with the analysis.

25. With respect to Evercore's *Discounted Distribution Analysis*, the Proxy Statement fails to disclose: (a) the terminal value for the Partnership; and (b) b the inputs and assumptions underlying the cost of equity of 12.5% to 14.5% based on CAPM and 10.5% to 12.5% based on expected market total return for peers of the Partnership.

26. With respect to Evercore's *Precedent M&A Transaction Analysis*, the Proxy Statement fails to disclose the transaction values and individual multiples for each of the transactions reviewed.

27. With respect to Evercore's *Premiums Paid Analysis*, the Proxy Statement fails to disclose the individual premiums observed for each of the transactions.

28. The omission of this material information renders the statements in the "Unaudited Financial Projections of the Partnership" and "Opinion of Evercore Group L.L.C.—Financial Advisor to the Conflicts Committee" sections of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act. Indeed, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

29. The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Proxy Statement. Absent disclosure of the foregoing material information prior to the stockholder vote on the Proposed Transaction, Plaintiff and the other Landmark stockholders will be unable to make an informed voting or appraisal decision on the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims Against All Defendants for Violations of Section 14(a) of the
Exchange Act and Rule 14a-9 Promulgated Thereunder**

30. Plaintiff repeats all previous allegations as if set forth in full.

31. During the relevant period, defendants disseminated the false and misleading Proxy Statement specified above, which failed to disclose material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

32. By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Proxy Statement. The Proxy

Statement was prepared, reviewed, and/or disseminated by the defendants. It misrepresented and/or omitted material facts, including material information about the Company's financial projections and the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by Evercore. The defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

33. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder would consider them important in deciding how to vote on the Proposed Transaction.

34. By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

35. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm, rendering money damages inadequate. Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

**Claims Against the Individual Defendants for Violations of
Section 20(a) of the Exchange Act**

36. Plaintiff repeats all previous allegations as if set forth in full.

37. The Individual Defendants acted as controlling persons of Landmark within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Landmark, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

38. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

39. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Proxy Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Proxy Statement.

40. In addition, as the Proxy Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Proxy Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

41. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

42. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Landmark's stockholders will be irreparably harmed.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including

injunctive relief, in his favor on behalf of Landmark, and against defendants, as follows:

      A.      Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Landmark stockholders;

      B.      In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

      C.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

      D.      Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

      E.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: November 18, 2021            **LONG LAW, LLC**

By  */s/ Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@longlawde.com

*Attorneys for Plaintiff*